UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

FRANCISCO SANCHEZ SANDOVAL,

               Petitioner,

        v.

WARDEN, et al.,

               Respondents.

No. 5:26-cv-02970-JDE

ORDER REGARDING PETITION

On May 31, 2026, Franciso Sanchez Sandoval ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, contending that his detention without an individualized bond hearing violates the Due Process Clause and his rights as a member of the Bond Eligible Class certified in Bautista v. Santacruz, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) ("Bautista"). Dkt. 1 ("Petition"). Petitioner seeks immediate release from custody, or alternatively, an individualized bond hearing within 72 hours at which the government bears the burden of demonstrating by clear and convincing evidence that he is a danger to the community or flight risk; and attorney's fees and costs. Id. at 17.

On June 8, 2026, Respondents filed an Answer acknowledging Petitioner appears to be a member of the Bond Eligible Class certified in Bautista and his claim appears subject to the Bautista judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it. Dkt. 7. Respondents request that "[t]o the extent a bond hearing is ordered here, it should be consistent with what Courts in this District have generally ordered in similar cases, which is to require an 8 U.S.C. § 1226(a) hearing to be provided in seven days." Id. Petitioner filed a Supplement on June 10, 2026. Dkt. 9 ("Supp.")

As noted, Petitioner requests release from immigration custody or alternatively, an individualized bond hearing before an immigration judge. Respondents offer no opposition to the alternative request for a bond hearing under Bautista. Respondents acknowledge Petitioner appears to be a member of the Bond Eligible Class in Bautista and subject to the Bautista judgment. In Bautista, the Honorable Sunshine Suzanne Sykes, United States District Judge, granted class-wide declaratory relief to "Bond Eligible Class" members, finding such members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under Section 1225(b)(2). Further, Judge Sykes held that Bond Eligible Class members are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge." Bautista, Dkt. 94. An appeal is pending, and the Ninth Circuit has granted a stay, but the December 2025 judgment remains in place in this district. See Bautista, et al. v. United States Department of Homeland Security, et al., Case No. 26-1044 (9th Cir.), Dkt. 17.1.

Typically, the remedy afforded to members of the Bond Eligible Class is consideration for bond under 8 U.S.C. § 1226(a). Petitioner contends that immediate release is warranted here because a remand for a bond hearing would be futile as, Petitioner avers, Yajure-Hurtado is back in effect as binding

Board of Immigration Appeals precedent and an immigration judge would be required to deny bond for lack of jurisdiction. Petition at 9-10, 13. Petitioner primarily relies on Vega-Huerta v. Acting Director, et al., Case No. 5:26-cv-02366-DTB (C.D. Cal. May 28, 2026) in support of his contention that immediate release is warranted. In that case, the court found a bond hearing in accordance with Bautista would be futile and the proper remedy was immediate release from custody, relying, in part, on the government's stated position that the immigration court lacked jurisdiction to conduct an individualized bond hearing in the petitioner's case based on Yajure-Hurtado. See Vega-Huerta, Dkt. 12 at 6. Counsel for the Department of Homeland Security ("DHS") confirmed on the record at a master calendar hearing that the government's position was that the immigration court lacked jurisdiction to conduct an individualized bond hearing in that case. See id., Dkt. 3-2, Exh. C ¶ 8. DHS counsel has not taken a similar position in this case. Petitioner relies on a generalized comment made by an immigration judge, not DHS counsel, at the June 10, 2026 master calendar hearing that "the court follows Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025); that if a motion for bond under 8 U.S.C. § 1226 were filed in an entry-without-inspection case, the Department of Homeland Security would object on jurisdictional grounds; and that the court would find that it lacks jurisdiction to consider the bond request." Dkt. 9-1 (Supplemental Declaration of Hector Quezada) ¶ 4. Contrary to the immigration judge's assertions at that hearing, DHS and the Department of Justice in this case have acknowledged that Petitioner is a member of the Bond Eligible Class in Bautista and entitled to a bond hearing under 8 U.S.C. § 1226(a) based on the existing state of the law per Bautista. As such, Petitioner has not shown that ordering a bond hearing would be futile. The undersigned finds that Petitioner should be treated as other members of the Bautista class and be provided a bond hearing consistent with Bautista.

As Respondents acknowledge Petitioner is a Bond Eligible Class member, for the reasons stated in Bautista, the alternative relief sought by the Petition is granted. Petitioner is entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing.

IT IS THEREFORE ORDERED that:

(1)    The Petition is GRANTED, in part, with Respondents ORDERED to: (1) provide Petitioner Francisco Sanchez Sandoval (A# 221 462 277) an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a) within seven (7) days of this Order, **with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider bond and must provide a reasoned decision if bond is denied**; and (2) if no such hearing is provided as set forth above within seven (7) days, Respondents shall release Petitioner from custody; and

(2)    The Petition is DENIED in all other respects.


IT IS SO ORDERED.


Dated:  June 10, 2026 _____

_____
JOHN D. EARLY
United States Magistrate Judge

4